HENRY A. SCHLENCKER, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1.  Criminal Laws: EXCEPTION. In a capital case, the want of an exception will not necessarily deprive the prisoner of his right to a new trial for errors of the court prejudicial to him.

2.  ———: INSTRUCTIONS. In the trial of an indictment charging murder in the *first* degree, the statutory distinction in the degrees of criminal homicide must not be lost sight of.

3.  ———: DEGREE OF GUILT INFERRED FROM THE FACT OF KILLING ALONE. Where the fact of the killing by means of a deadly weapon is established, without any explanatory circumstances, malice is presumed, and the crime is murder in the second degree.

4.  ———: PREMEDITATED MALICE. An instruction that leaves the jury at liberty to presume "premeditated malice" from the fact of "a deliberate intention unlawfully to kill" alone, is erroneous.

THIS was a re-hearing of the case reported ante p. 241, granted upon application of the plaintiff.

*O. P. Mason,* for plaintiff in error.

The court erred in giving the following instruction to the jury: Sixth instruction—"Every man is presumed to intend and contemplate the ordinary and natural consequences of his own acts. The law presumes deliberate and *premeditated* malice from the deliberate and unnecessary use of a deadly weapon in such manner as naturally tends to destroy human life. The law

presumes a man to be moved and actuated by deliberate and *premeditated* malice, when he deliberately, unlawfully, and unnecessarily uses a deadly weapon on another in such a way as naturally tends to destroy the life of such person." Thus instructing the jury that *deliberate and premeditated* malice was presumed from *deliberate* action alone. Or that deliberation and premeditation were one and the same thing. Or that premeditation is the "unlawful and unnecessary use," etc. For the above language (which ought to be plain) admits of no other meaning in its uncertainty and ambiguity. Malice must be defined to the jury, where malice is one of the ingredients of the crime. *Hodges v. State*, 3 Tex. Ct. of Appeals, 473, and cases cited. And correctly defined. So also when premeditated malice is one of the ingredients of the crime. Premeditation and deliberation are not synonyms. *State v. Wieners*, 66 Mo., 11. The legislature used both words, "deliberate and premeditated." And it is a principle of universal application, too elementary to require citation, that each word in a statute must be given its force and meaning in interpretation.

Jones, J., of Mo., in a review of the Gassert case, says: "To constitute murder in the first degree, these three elements—willfulness, deliberateness, and premeditation, are as necessary as the element of malice" —*i. e.*, there must be premeditated malice as well as deliberate malice. 65 Mo., 352. An unlawful, malicious, willful, and *deliberate* killing is murder in the second degree; but an unlawful, malicious, willful, deliberate, and *premeditated* killing is murder in the first degree. "*Deliberate*, to balance in the mind, to weigh, to consider. *Premeditate*, to think on and resolve in the mind beforehand, to contrive and design previously."—Webster's Dictionary. Intention comprehends willful, but ignores "deliberation and pre-

meditation," each of which are necessary elements to murder in the first degree. One can deliberate without premeditating, but cannot premeditate without deliberating. The latter goes beyond and includes the former.

*C. J. Dilworth, Attorney General,* for the State.

LAKE, J.

On the re-hearing of this case, our attention was specially directed to certain of the instructions not before particularly complained of, and to which no exception was taken in the court below. This being a capital case, however, the want of an exception does not necessarily deprive the prisoner of his right to a new trial for errors of the court prejudicial to him. *Thompson v. The People,* 4 Neb., 524.

Under the evidence before the jury the only really difficult question for them to settle was that of the degree of the prisoner's guilt, whether it was murder in the *first* or *second* degree, or manslaughter. In respect to this, however, it was of vital importance not to lose sight of this statutory distinction, in giving them the law by which they were to be guided in making up their verdict.

By the 5th instruction the jury were informed that: "It is not necessary in law that the deliberate and premeditated malice should have existed a long time before the killing." So far this was right. But it was immediately followed by this statement of what would answer the requirement of the law in these particulars, viz.: "But it is sufficient in law that the deliberate intention, unlawfully to kill, is shown to exist at the instant of firing the fatal shot."

This last clause is open to the objection that it com-

pletely ignores "premeditation" as an independent element in murder in the first degree; and left the jury to understand that proof of "deliberate intention unlawfully to kill," and this alone, was sufficient evidence of "premeditated malice," and would warrant a conviction for the highest degree of homicide. And this view of the law is re-enforced by the next two instructions, in one of which the jury is told that: "The law presumes deliberate and premeditated malice from the deliberate, unlawful, and unnecessary use of a deadly weapon in such a manner as naturally tends to destroy human life." And in the other that in case the jury should "find beyond a reasonable doubt the defendant shot and killed Florence Booth, as charged in the indictment, the presumption of law is that he was actuated by deliberate and premeditated malice, and it devolves upon the defendant to remove that presumption."

This latter charge, indeed, dispenses with all affirmative evidence both of deliberation and premeditation, and makes the mere fact of killing by means of shooting all that is requisite to establish murder in the first degree. But such is not the law. The rule established by this court in the case of *Preuit v. The People*, 5 Neb. 377, is, that where the fact of killing is established, without any explanatory circumstances, malice is presumed, and the crime is murder in the *second* degree. *Milton v. The State*, 6 Neb., 136. In the case last cited, in which the act of killing by means of a club was undisputed, the judgment was reversed and a new trial ordered on the sole ground of a want of evidence showing a previously formed design on the part of the prisoner to kill the deceased, or, in the language of the statute, "premeditation."

In failing to recognize in these instructions the distinction made by our statute between the two degrees

of murder, we are of opinion error was committed prejudicial to the prisoner, for which he should have a new trial.    And it is so ordered.

REVERSED AND REMANDED.